**In re SURE–SNAP CORPORATION, Debtor.**

**Bankruptcy No. 87–00985–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

Dec. 12, 1988.

Harry D. Lewis, Holland & Knight, Miami, Fla., for Sure–Snap Corp.

## ORDER STRIKING CLAIMS 60 AND 88 OF GARY SHURE AND DENYING COUNTERCLAIM

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on before the Court on the 3rd day of October, 1988, 10:00 o'clock a.m. upon the Amended Objection to Claim Nos. 60 and 88 of Gary Shure and Counterclaim of Debtor filed by Sure–Snap Corporation (the "Debtor") objecting to the claims of Gary Shure pursuant to Bankruptcy Rules 3007 and 7001 and counterclaiming against Gary Shure for various monies paid to Mr. Shure prior to the filing of the petition in bankruptcy in this case, and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

Gary Shure ("Shure"), the claimant in this case, is the son of Alfred Shure, former President and Chief Executive Officer of the Debtor, who died on March 1, 1987. On June 11, 1987, Shure filed Claim No. 60 in the total amount of Fourteen Thousand Four Hundred Dollars ($14,400.00) for "severance pay" based solely upon an alleged "Agreement" (the "Agreement") dated September 23, 1985 bearing the alleged signatures of Shure and his father. (Plaintiff's Exhibit 3).

In addition, Gary Shure filed Claim No. 88 with this Court. That claim was late filed, is time-barred, duplicates Claim No. 60 and is hereby STRICKEN.

The Debtor challenges the authenticity of Alfred Shure's signature on the Agreement. The Agreement (Plaintiff's Exhibit 3) was examined and analyzed by Linda Hart, a Certified Questioned Document Examiner, at the request of the Debtor. Tina Shure, Alfred Shure's step-daughter, testified that she had provided Ms. Hart with checks containing the original signature of Alfred Shure for comparison with the alleged signature of Alfred Shure which appeared on the Agreement. Those checks were admitted into evidence (Plaintiff's Exhibit 2). Gary Shure later testified that Plaintiff's Exhibit 2 appeared to contain his father's signature. Ms. Hart prepared a Report of Examination with respect to the signatures on the Agreement. The Court found Ms. Hart qualified as an expert in the area of questioned document examination and analysis, admitted her Report of Examination dated July 27, 1988 into evidence (Plaintiff's Exhibit 4), and also permitted her expert testimony as to the method of analysis she employed, the basis for comparison of signatures, and her expert opinion as to the alleged signature of Alfred Shure which appeared on the Agreement. Ms. Hart concluded both in the Report of Examination and in her sworn testimony that the signature of Alfred Shure which appears on the Agreement was not the signature of Alfred Shure, but was a forgery.

The Agreement in question purports to bind the Debtor to pay Gary Shure the sum of $400.00 per week until September 25, 1986 as "severance pay," although Shure was not fired or laid off by the Debtor, but voluntarily quit his employment in May, 1985. Shure testified that this "severance pay" was to be made in connection with his voluntary departure from his employment by the Debtor, that he negotiated the Agreement face to face with his father, and that the Debtor breached the Agreement by failing to pay the balance of $14,-400.00 which remains due and owing.

Gary Shure testified that he prepared the Agreement, that he took it to Alfred Shure, his father and president of Sure–Snap Corporation, on or about September 23, 1985, and that Alfred Shure signed the document in Gary Shure's presence. Gary Shure testified that he witnessed his father sign the document, and that he was certain of this fact. He was unable to explain the obvious differences in signatures despite repeated questioning by the Court.

The Court finds that the signature of Alfred Shure on the Agreement dated September 23, 1985 (Plaintiff's Exhibit 3) is a forgery, that the Agreement was never signed by Alfred Shure, and that the Agreement is not a valid contract and is unenforceable as a matter of law. Claim No. 60 filed by Gary Shure is hereby STRICKEN.

In addition, the Debtor had counter-claimed against Gary Shure for breach of the Agreement which the Court finds to be null, void, and unenforceable. Because there was no enforceable contract, the Debtor is not entitled to counterclaim based upon that same Agreement. Accordingly, the counterclaim of the Debtor against Gary Shure is DENIED.

DONE and ORDERED.